IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANNY A. CROMEANS, JR.                                                                          PLAINTIFF

VS.                                    CASE NO. 10-CV-4040

CIRCUIT JUDGE JOE E. GRIFFIN;
and DEPUTY PROSECUTING
ATTORNEY JOHN GRIFFIN                                                                          DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation filed April 14, 2010, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 13). On April 23, 2010, Plaintiff filed objections to the Report and Recommendation. (Doc. No. 15). The matter is ripe for consideration.

This is a pro se civil rights action filed pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that his constitutional right to due process and a fair trial were violated because Joe E. Griffin, the Circuit Judge who presided over Plaintiff's criminal trial, and John Griffin, the deputy prosecuting attorney at his trial, are "kin." He also alleges that other key individuals involved in the trial were related. Plaintiff asks that the Court reverse his conviction and order a new trial. He also asks for an award of compensatory and punitive damages.

In his report and recommendation, Judge Bryant recommends that Plaintiff's motion to proceed *in forma pauperis* be denied and that all claims against Judge Joe E. Griffin and Deputy Prosecuting Attorney John Griffin be dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against defendants who are immune from suit. Plaintiff has filed objections which amount to little more that a restatement of his allegations and his request for relief.

A judge is immune from suit if he has jurisdiction over the subject matter and he acts in his official capacity. *Birch v. Mazander,* 678 F.2d 754, 755 (8th Cir. 1982). Thus, "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze,* 15 F.3d 107, 108 (8th Cir. 1994). Here, the acts by Judge Griffin of which Plaintiff complains arose out of his actions as the presiding judge in Plaintiff's criminal case. Such acts were within the judge's jurisdiction and of a judicial nature. Thus, Judge Joe E. Griffin enjoys judicial immunity. Plaintiff's claims against him should be dismissed.

A prosecuting attorney is likewise immune from suit if the acts complained of are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L. Ed. 2d 128 (1976). Here, the acts by Deputy Prosecuting Attorney John Griffin of which Plaintiff complains arose out of his prosecution of Plaintiff and his presentation of the State's case. Thus, Deputy Prosecuting Attorney John Griffin enjoys absolute immunity and Plaintiff's claims against him should be dismissed.

After reviewing the record *de novo,* the Court adopts Judge Bryant's Report and Recommendation as its own. Accordingly, the Court finds that Plaintiff Danny A. Cromeans, Jr.'s motion to proceed *in forma pauperis* should be and hereby is **denied**. Plaintiff's Complaint against Judge Joe E. Griffin and Deputy Prosecuting Attorney John Griffin is hereby dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915A(b). The dismissal of this action will constitute a "strike" under 28 U.S.C. § 1915(g). The Clerk of the Court is directed to place a §1915(g) strike flag on this case.

IT IS SO ORDERED, this 29th day of April, 2010.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge